UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NCMIC Insurance Company,

    Plaintiff,

v.

Michael Johnson, D.C., Kristyn Nelson-Juidici, Optimal Stem Cell and Wellness Institute, Apple Medical Clinic, Inc., Optimal Health Sanexus

    Defendants.

Case No.:

**Jury Trial Demanded**

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff NCMIC Insurance Company ("NCMIC"), through its undersigned counsel, states and alleges as follows:

### NATURE OF THE CASE

1. This is a declaratory judgment action brought under 28 U.S.C. § 2201 to determine the parties' rights, duties and obligations, including any defense or indemnity obligations of NCMIC under an occurrence-based chiropractic malpractice policy (the "Policy") issued to Defendant Michael Johnson, DC ("Defendant Johnson"), against claims made by Defendant Kristyn Nelson-Juidici ("Defendant Juidici") against Johnson in an underlying Wisconsin state court action ("Underlying Action") venued in Outagamie Circuit Court.

2. On April 26, 2021, Defendant Juidici filed a Complaint against Defendant Johnson, styled *Kristyn Nelson-Juidici vs. ABC Insurance Company, A fictitious insurance entity*, as insurer for Michael Johnson, D.C., and Michael Johnson, D.C., Case No.: 2021CV000326, in the Circuit Court of Outagamie County, Wisconsin. The Complaint alleges that on May 3, 2018, Defendant Johnson performed an intrathecal injection of autologous stem cells to treat Juidici's multiple sclerosis; further, the Complaint alleges said injection resulted in Defendant Juidici's paralysis from the waist down.

3. NCMIC is defending Defendant Johnson under a reservation of rights and now seeks a judicial declaration as to the parties' respective rights, obligations and duties under the Policy, as directed by the Wisconsin Supreme Court in cases requiring resolution of coverage questions. Attached as **Exhibit 1** is a true and correct copy of the reservation of rights letter.

## PARTIES

4. Plaintiff NCMIC Insurance Company is an insurance company with its principal place of business in Clive, Iowa.

5. Upon information and belief, Defendant Kristyn Nelson-Juidici is a citizen of the State of Michigan and resides in Saline, Michigan.

6. Defendant Michael Johnson, DC, is a natural person and a citizen of the State of Wisconsin who practices multiple healing arts and treatment in Appleton, Wisconsin.

2

7. Upon information and belief, Defendants Optimal Stem Cell and Wellness Institute, and Optimal Health are owned and operated by Defendant Johnson, as a sole proprietor, with principal places of business in Appleton, Wisconsin.

8. Defendant Apple Medical Clinic, Inc. is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin, and operated by Defendant Johnson.

## JURISIDCTION

9. The amount in controversy, including any potential NCMIC indemnity obligation, exceeds $75,000, exclusive of interest and costs.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

11. This Court has personal jurisdiction over each of the Defendants.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## JURY TRIAL DEMAND

13. NCMIC demands a trial by jury on all issues triable by a jury.

## FACTUAL ALLEGATIONS

A. <u>The Alleged Underlying Incident</u>:

14. On April 26, 2021, Defendant Juidici initiated the Underlying Action against Defendant Johnson and "ABC Insurance Company," a fictitious insurance entity.

3

15. The Complaint in the Underlying Action, a true copy of which is attached as **Exhibit 2**, alleges the following:

    a. On May 3, 2018, Defendant Johnson treated Defendant Juidici;

    b. Defendant Juidici "underwent a intrathecal injection of autologous stem cells by [Defendant] Johnson, D.C., as a treatment for her multiple sclerosis," and Defendant Johnson "failed to use the level of skill, care, and judgment expected of a chiropractor," and failed to disclose all necessary information which a "reasonable chiropractor" would ordinarily disclose, under similar circumstances.

    c. As a result of Defendant Johnson's conduct, Defendant Juidici sustained damages, including "physical and mental pain and suffering, loss of enjoyment of life, the need for past and future medical and health related expenses and impairment of her ability to earn income," related to paralysis from the waist down.

16. The Complaint asserts claims of Negligence and a common law Lack of Informed Consent against Defendant Johnson.

17. The Complaint seeks relief including compensatory damages, costs, disbursements and attorney's fees.

18. Defendant Johnson has tendered the matter to NCMIC for purposes of defense and indemnity.

B. The Policy:

19. Upon information and belief, Defendant Johnson owns, operates and is involved in multiple entities related to various healing arts and techniques which are run out of the same business address as that given to

4

NCMIC as the address for Michael Johnson, DC, 2000 S. Memorial Drive, Suite 201, Appleton, Wisconsin.

20. Included in other entities operated by Defendant Johnson are "The Optimal Health Stem Cell and Wellness Institute" ("OHSTEMCELL"), "Apple Medical Clinic, Inc." and "Optimal Health Sanexus." Upon information and belief, Defendant Johnson holds himself out as "Founder and Clinical Director" of OHSTEMCELL.

21. At all times material, Defendant Johnson, through OHSTEMCELL, held himself out to the public as providing stem cell therapy for numerous diseases and disorders, including the following:

- **Chronic Pain Syndromes** – Neck, back, shoulder, elbow, wrist, hip, knee, ankle, and foot pain
- **Neurological Disorders** – MS, Parkinson's, Stroke, Rehab
- **Autoimmune Disorders** – RA, Lupus, Sjgren's
- **Peripheral Neuropathy** – numbness, tingling, and pain
- **Diabetes**
- **COPD, Emphysema, and Pulmonary Fibrosis**
- **Migraines**
- **Lyme Disease**
- **Chronic Fatigue Syndrome**
- **Heart Disease**
- **Adrenal Fatigue**
- **Traumatic Brain Injury (TBI)**
- **Insomnia**
- **Erectile Dysfunction**

22. NCMIC issued an occurrence-based Professional Liability Insurance Policy providing chiropractic malpractice insurance to Defendant Johnson under Policy No. MP-xxxx-9968, with effective dates of December 3,

5

2017 to December 3, 2018, and indemnity limits of $1,000,000 per claim (the "Policy"). A true copy of the Policy is attached as **Exhibit 3**.

23. The Policy only insures "Michael Johnson, DC," as an insured. No other entity, including OHSTEMCELL, "Apple Medical Clinic, Inc." or Optimal Health Sanexus are insured under the Policy.

24. In October 2020, the U.S. Food & Drug Administration ("FDA") notified Defendant Johnson that he was unlawfully marketing drugs and biological products without a valid biologics license in apparent violation of 21 CFR Part 1271, the Federal Food, Drug and Cosmetic Act ("FD&C Act") and other federal rules and regulations. The FDA alleged Defendant Johnson engaged in the unapproved use of a "drug" that is also a biological product without a valid biologics license.

25. The Definitions section of the Policy, in part, states:

> 1. **Claim** means a written demand for money or services arising from an alleged **injury** to which this insurance applies.
>
> \* \* \*
>
> 3. **Injury** means bodily injury, sickness, disease, or death sustained by any one person.
>
> \* \* \*
>
> 5. **Incident** means any negligent omission, act or error in the providing of **professional services** by an **insured** or any person for whose omissions, acts or errors an **insured** is legally responsible. All such omissions, acts or errors casually related to the

6

rendering of or failure to render **professional services** to one person shall be considered one **incident**. Causally related acts, errors and omissions includes acts, errors and omissions that have a common cause or form a causal chain of events. An **incident** shall be deemed to have occurred at the time of the earliest act, error or omission comprising that **incident**.

*     *     *

8. **Professional Services** means services which are within the scope of practice of a chiropractor in the state or states in which the chiropractor is licensed.

**Professional Services** does not include any services furnished by an **insured** as a practitioner of any other healing or treating art.

26. The Coverage Agreement section of the Policy provides, in relevant part:

> 1. **We** will pay on behalf of an **insured** all sums to which the insurance applies and for which an insured becomes legally obligated to as **damages** because of an **injury**. The **injury** must be caused by an accident arising from an **incident** during the **policy period**. The injury must also be caused by an **insured** under this policy. \*\*\*

27. The Policy does not cover any claims or damages that do not fall within the granting language of the Coverage Agreement.

28. The Exclusions section of the Policy states in relevant part:

> Despite any other provision of this policy, this policy does not apply to **claims** arising out of, based upon, or attributable to any of the following:

7

> A. An act or omission violating any federal or state statute, or any county or municipal ordinance governing the commission of a crime.
>
>        \*       \*       \*
>
> C. The providing of **professional services** for which **you** are not licensed to practice or the providing of **professional services** in any state in which **you** do not hold an active license.
>
>        \*       \*       \*
>
> K. Surgery.
>
>        \*       \*       \*
>
> M. The prescribing of any substance that state or federal law prohibits dispensing or that requires a prescription.
>
>        \*       \*       \*

29. Stem cells are the body's "raw materials" from which cells with specialized functions are generated. Stem cells have the ability to self-renew, and to differentiate into the specialized cells that make up the body's organs and tissue. MS is a disease of the brain and spinal cord by which the immune system attacks the protective sheath (myelin) that covers the nerve fibers of the spinal cord.

30. The thecal sac is the protective membrane which surrounds the spinal cord and associated neurological structures. Upon information and belief, Defendant Johnson injected human stem cells directly into the cerebral spinal fluid to cross the blood-brain barrier, purportedly helping "the

8

neurological patient to heal faster," according to the Optimal Health Stem Cell Facebook page.

31. OHSTEMCELL harvests or has harvested stem cells from umbilical cord, adipose (fat) tissue and amniotic membrane tissue, which constitutes the use of a "drug" as defined by applicable Wisconsin state law and federal law, and a biological product under applicable federal statutes, rules and regulations.

32. NCMIC does not have a duty to defend or indemnify Defendant Johnson under the Policy against any claims or damages alleged in the Underlying Action which fall outside the scope of the Coverage Agreement, or are within the scope of any of the exclusions, including those described above.

33. Claims or damages not arising from an injury caused by an accident arising from an **incident** in the providing of "**professional services**" within the scope of chiropractic practice are outside the Coverage Agreement, and, here, are also otherwise excluded from coverage under the Policy. Defendant Johnson's stem cell injection alleged in the Complaint in the Underlying Action:

> a. Is outside the scope of practice of a chiropractor in the State of Wisconsin pursuant to Wisconsin Stat. 466.02(2) and Chapter 4 of Wisconsin Administrative Rules;
>
> b. Constitutes an act violating 21 CFR 1271 (for unlawfully marketing drugs and biological products), the FD&C Act, the Public Health Service Act and other federal laws;

9

c. Does not involve an "**incident**" in the providing of "**professional services**" by an "**insured**" as defined by the Policy;

d. Constitutes a surgery and/or the use of "drugs" as defined by Wis. Stat. 450.01(10), and therefore, outside the scope of chiropractic practice in Wisconsin;

e. Constitutes a prohibited practice for chiropractors under Wis. Rule Chir. 4.05.

34. Defendant Juidici's labels and legal concussions in the underlying Complaint do not create coverage under the Policy or Wisconsin law where none otherwise exists. The Policy does not afford coverage for any claims or damages arising from services outside the scope of chiropractic practice, no matter how characterized, and does not cover acts not performed by an "insured."

## COUNT I – DECLARATORY RELIEF
(Against All Defendants)

35. NCMIC realleges and incorporates the above paragraphs here.

36. An actual and justiciable controversy exists between NCMIC and Defendants, concerning the parties' respective rights, obligations, duties and interests under the Policy as applied to the claims asserted in the Underlying Action, including the extent, if any, of any duty to defend or indemnify Defendant Johnson against the claims in the Underlying Action.

37. NCMIC desires a judicial determination and declaration as to the nature and extent of any duty to defend or indemnify Defendant Johnson

10

under the Policy against the allegations, claims and damages asserted in the Underlying Action. This includes a declaration as to which, if any, claims or damages alleged in the underlying Complaint are covered, and which are not covered, or are excluded by the Policy.

38. Defending under a reservation of rights and seeking a judicial declaration to resolve questions of coverage are necessary and appropriate, and in keeping with the dictates of the Wisconsin Supreme Court on how insurers should proceed in cases involving coverage questions.

## PRAYER FOR RELIEF

Plaintiff NCMIC Insurance Company prays for judgment as follows:

A. For a judicial declaration as to the extent, if any, of NCMIC's duty to defend or indemnify Defendant Johnson against any of the claims or damages asserted in the Underlying Action.

B. For a judicial declaration as to enforceability of the Policy's applicable coverage provisions and exclusions under Wisconsin law.

C. A declaration as to the extent to which the injury-causing conduct is covered by the Policy, if at all, and what damages flow therefrom.

D. For such other and further relief as the Court may deem just and proper.

11

Dated: June 10, 2021    **ERICKSON, ZIERKE, KUDERER &**
          **MADSEN, P.A.**

By: _/s/ Robert E. Kuderer_
 Robert E. Kuderer (WI No. 1066799)
7301 Ohms Lane, Suite 207
Minneapolis, MN 55439
Tel: (952) 582-4711
Email: bob.kuderer@ezkm.net

**Attorney for Plaintiff**