UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NCMIC INSURANCE COMPANY,

        Plaintiff,

   v.                                  Case No. 21-C-715

MICHAEL JOHNSON, D.C.,
OPTIMAL STEM CELL AND WELLNESS INSTITUTE,
OPTIMAL HEALTH SANEXUS,
APPLE MEDICAL CLINIC, S.C., and
KRISTYN NELSON-JUIDICI,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On April 26, 2021, Kristyn Nelson-Juidici filed a complaint in Outagamie County Circuit Court against her chiropractor, Michael Johnson, D.C., and his clinics seeking recovery for injuries she sustained as a result of a failed stem cell injection intended to treat her multiple sclerosis. Nelson-Juidici asserted claims of negligence and lack of informed consent. She later amended her complaint to, among other things, add Johnson's insurer, NCMIC Insurance Company, as a defendant. Throughout the pendency of the state court action, NCMIC has defended Johnson and his clinics under a reservation of rights.

On June 10, 2021, NCMIC commenced this action for declaratory relief against Nelson-Juidici as well as Johnson and his clinics—Optimal Stem Cell and Wellness Institute, Optimal Health Sanexus, and Apple Medical Clinic, S.C. (collectively, Johnson). NCMIC requested a judicial determination of the nature and extent of its duty, if any, to defend or indemnify Johnson for the alleged injury caused to Nelson-Juidici under the Chiropractic Malpractice Policy NCMIC

issued to him.  Although NCMIC previously filed a motion for summary judgment, the case is presently before the court on Johnson's motion to dismiss for lack of subject-matter jurisdiction on the ground of mootness.  Johnson contends that the case is moot because the state court action has been resolved in Johnson's favor and thus there is no need to determine whether NCMIC's policy provides coverage for the claim asserted against him.  NCMIC denies that the action is moot and argues that the underlying action is not final and that similar issues are likely to reoccur since Johnson continues to pursue a myriad of business interests.

On July 19, 2023, after NCMIC had moved this court for summary judgment on its claim for declaratory relief, the Circuit Court for Outagamie County granted Johnson's motion for summary judgment in the underlying case and dismissed the matter with prejudice.  Nelson-Juidici filed a timely notice of appeal.  However, Nelson-Juidici never paid the proper filing fee, and on September 21, 2023, the Wisconsin Court of Appeals issued an order dismissing Nelson-Juidici's appeal in its entirety.  Nelson-Judici did not file a motion for reconsideration within the twenty-day limit, pursuant to Wis. Stat. § 809.24(1).  Johnson argues that since the underlying case has been resolved with no liability finding against him, the coverage claim here is moot.  He contends that Nelson-Juidici has exhausted her remedies in state court, her claims are dismissed on the merits, and thus there is no matter in controversy.

"A claim becomes moot when the plaintiff's legally cognizable interest in the litigation ceases to exist or where the court 'can no longer affect the rights of the litigants in the case.'" *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (quoting *Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004)).  This court "may not give opinions upon moot questions or abstract propositions." *Protestant Mem'l Med. Ctr., Inc. v. Maram*, 471 F.3d 724, 730 (7th Cir. 2006).

The court concludes that NCMIC's action for declaratory relief is moot. NCMIC sought a determination that it had no duty to defend or indemnify Johnson for the claim(s) asserted against him by Nelson-Juidici in the state court action. That case, however, was dismissed on summary judgment. Nelson-Juidici's appeal to the Wisconsin Court of Appeals has been dismissed, and the time for filing a motion for reconsideration before that court, or a petition for review before the Wisconsin Supreme Court, has expired. Although NCMIC suggests the possibility of a motion for relief from judgment under Section 806.07 of the Wisconsin Statutes, there appear to be no grounds upon which relief under that section could be sought. Johnson has no claim for indemnification, and has no further need of a defense, nor has NCMIC sought to recover the costs of its defense. The case is therefore moot.

NCMIC's argument that the issues and parties in this action are "much broader" than whether a defense or indemnity is owed to Johnson is unpersuasive. The only issue before the court is whether NCMIC's insurance policy provided coverage to Johnson based on the allegations of the underlying case in state court. Because that case was adjudicated and dismissed with prejudice and Nelson-Juidici has exhausted her state remedies, NCMIC has no need for the relief it sought. Further, the case does not fall into the exception of cases "capable of repetition yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Ciarpaglini v. Norwood*, 817 F.3d 541, 546 (7th Cir. 2016) (internal citation omitted); *see also Stotts v. Community Unit Sch. Dist. No.1*, 230 F.3d 989, 991 (7th Cir. 2000). This exception does not apply here because a coverage determination in an action alleging negligence and the ultimate declaration of the scope of a duty to defend and/or indemnify an

insured person under that policy is so specific and fact-dependent that there is no "reasonable expectation that the same complaining party will be subjected to the same action again." *Id.* For these reasons, I conclude that this case is moot and subject matter jurisdiction no longer exists.

Accordingly, Johnson's motion to dismiss (Dkt. No. 63) is **GRANTED**. NCMIC's motion for summary judgment (Dkt. No. 41) is **DENIED** as moot. The case is dismissed for lack of jurisdiction as this case is moot. The Clerk is directed to enter judgment accordingly. No costs are awarded to either party.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of November, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge